UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| MORHAF RAMEZ MOSHREF,<br>　　Plaintiff,<br>　　v.<br>MARTIN O'MALLEY,<br>Commissioner of Social Security,<br>　　Defendant. | CIVIL NO. 1:24-cv-00137-EPG<br><br>STIPULATED RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d); ORDER<br><br>(ECF No. 19) |

　　Plaintiff seeks an award of attorney fees under the (EAJA), 28 U.S.C. § 2412 *et seq.* ECF No. 15. After Plaintiff filed the present motion, the parties engaged in good faith negotiations. Defendant, the Commissioner of Social Security (Commissioner), by his undersigned counsel, and Plaintiff, by his counsel, Jesse S. Kaplan, now agree and stipulate as follows:

1. Plaintiff was the prevailing party in this matter;
2. Plaintiff was an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed;
3. The position of the Commissioner was not substantially justified in this case;
4. An award of fees is not unjust; and
5. An award of $305.77 constitutes reasonable attorney fees in this matter.

6. Payment of this amount shall constitute a complete release from and bar to any and all claims Plaintiff may have relating to EAJA fees in connection with this action. The parties further agree that the EAJA award is without prejudice to the right of Plaintiff's attorney to seek attorney fees pursuant to Social Security Act § 206(b), 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA. *See* 28 U.S.C. § 2412(c)(1) (2006).

7. Under *Astrue v. Ratliff*, 130 S. Ct. 2521, 2528-29 (2010), EAJA fees awarded by this Court belong to the Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Any EAJA fees should therefore be awarded to Plaintiff and not to Plaintiff's attorney. If, after receiving the Court's EAJA fee order, the Commissioner (1) determines that Plaintiff has assigned his right to EAJA fees to his attorney; (2) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (3) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check or electronic funds transfer (EFT) made out to Plaintiff but delivered to Plaintiff's attorney.

Respectfully submitted,

DATE: July 30, 2024          */s/ Jesse S. Kaplan\**
                             JESSE S. KAPLAN
                             Attorney for Plaintiff
                             *Authorized via e-mail on July 30, 2024


                             PHILLIP A. TALBERT
                             United States Attorney

                             MATHEW W. PILE
                             Associate General Counsel
                             Office of Program Litigation, Office 7

DATE: July 30, 2024    By:   */s/ Justin L. Martin*
                             JUSTIN L. MARTIN
                             Special Assistant United States Attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Office of Program Litigation, Office 7

Attorneys for Defendant

# ORDER

Pursuant to the parties' stipulation (ECF No. 19), **IT IS ORDERED** as follows:

1. Plaintiff is awarded $305.77 in fees under the EAJA.

2. Under *Astrue v. Ratliff*, 130 S. Ct. 2521, 2528-29 (2010), EAJA fees awarded by this Court belong to the Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Any EAJA fees should therefore be awarded to Plaintiff and not to Plaintiff's attorney. If, after receiving the Court's EAJA fee order, the Commissioner (1) determines that Plaintiff has assigned her right to EAJA fees to her attorney; (2) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (3) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check or electronic fund transfer (EFT) made out to Plaintiff but delivered to Plaintiff's attorney.

3. Given the parties' stipulation, the Clerk of Court is respectfully directed to terminate as pending Plaintiff's motion for attorney fees. (ECF No. 15).

IT IS SO ORDERED.

Dated: **July 31, 2024**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE